## STRAUS FRANK CO. v. LOPEZ et al.
### No. 9373.

Court of Civil Appeals of Texas.
San Antonio.

May 30, 1934.

Rehearing Denied June 27, 1934.

Hirshberg, Mueller, Powell & Green, of San Antonio, for appellant.

Morriss & Morriss, of San Antonio, and E. A. Mullally, of Laredo, for appellees.

FLY, Chief Justice.

This is a cause of action in which appellees were sued by appellant to recover the sum of $261, alleged to be due on a refrigerator, known as a "Frigidaire," sold by A. N. Mabry Sales Company to appellees. The case was tried by jury and was submitted on special issues, all of which were answered in favor of appellees. The defense consisted of the plea that the sale had been canceled by A. N. Mabry and the machine returned by appellees to the General Motors Acceptance Corporation by A. N. Mabry Sales Company, with the knowledge and consent of appellees. Upon the answers of the jury, judgment was rendered that appellant take nothing by its suit.

The facts indicate that A. N. Mabry, acting for his company, sold the refrigerator to appellees for a certain sum payable in monthly installments. A. N. Mabry collected from appellees all payments made upon the purchase money of the refrigerator. A written contract, dated May 22, 1930, indicates that Mabry Company transferred the contract of sale of the refrigerator to the General Motors Acceptance Corporation. That contract was signed by appellees together with A. N. Mabry Sales Company. It is provided in that contract that "this contract may not be cancelled without the written consent of the seller and/or General Motors Acceptance Corporation." On the back of the contract was a guaranty of payment of the amount due on the refrigerator by the A. N. Mabry Sales Company. The contract was duly transferred to appellant by General Motors Acceptance Corporation.

It is admitted by all parties that A. N. Mabry made the only collections that were paid by appellees on the contract, and that payments were made by checks payable to General Motors Acceptance Corporation. There was no positive evidence that Mabry was the agent of General Motors Acceptance Corporation to collect from appellees, except as such agency to collect might be implied from the fact that no objections were made by General Motors Acceptance Corporation, which un-

doubtedly knew he was making such collections. There is no testimony whatever to the effect that A. N. Mabry had any right, power, or authority to cancel the contract and accept a return of the property, but, on the other hand, there is positive testimony that he had no such authority. It is not shown that Mabry claimed or represented that he had any such authority from General Motors Acceptance Corporation.

Appellees were not authorized to assume that Mabry had the authority to cancel a contract which had been transferred by him to General Motors Acceptance Corporation, and which transfer specially specified that the contract of sale could not be canceled without the written consent of General Motors Acceptance Corporation. No such consent was given or could be logically or reasonably inferred. Before accepting a cancellation of the contract from Mabry, the duty devolved upon appellees to investigate and ascertain his authority to make such cancellation, and, having failed to use any means to ascertain the authority of Mabry, they cannot be heard to say that they acted on the belief that Mabry was the agent of General Motors Acceptance Corporation. Morgan v. Harper (Tex. Com. App.) 236 S. W. 71; 2 Tex. Jur. Agency, § 67, p. 462, § 73, p. 469.

"As a general rule, an agent—such as a real estate agent, broker, or other sales agent—has no implied power either to rescind or modify any contract of his principal."

There was nothing in the conduct of Mabry to lead appellees to the belief that he was authorized to cancel the contract which he had transferred to another. Appellees knew that Mabry had guaranteed their payment of the contract and that it was as legitimate to infer that he was collecting from them to protect his guaranty as to infer that he was collecting as the agent of the General Motors Acceptance Corporation. Mabry did not state that he was the agent of that corporation, and his agency could be implied only from the fact that the amounts that he sent to the corporation were evidenced by checks payable directly to that corporation.

There is no ground for recovery of damages arising from misrepresentation that might have been made by Mabry at the time of the sale of the refrigerator.

The judgment will be reversed, and, as the case seems to be fully developed, the controversy should be ended, and we therefore render judgment that appellant recover from appellees the amount of the debt sued for by them, as well as all costs in this and the lower court.

Reversed and rendered.